IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

MERRI J. ARMS-ADAIR, as
Administrator of the Estate of
MICHAEL ADAIR,

    Plaintiff,

vs.

BLACK HAWK COUNTY, IOWA,
and TONY THOMPSON,

    Defendants.

No. C13-2008

RULING ON MOTION FOR
SUMMARY JUDGMENT

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.   SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . 4

VI.  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A.   Exhaustion of Administrative Remedies . . . . . . . . . . . . . . . . . . . . . 5
    B.   Immunity on State Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    C.   Rule 11 Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VII. ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment (docket number 6) filed by the Defendants on February 8, 2013, the Resistance (docket number 7) filed by the Plaintiff on March 2, and the Reply (docket number 13) filed by the Defendants on March 11. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On January 20, 2011, while incarcerated as a pretrial detainee in the Black Hawk County Jail, Plaintiff's decedent, Michael Adair, committed suicide by hanging. On January 3, 2013, Merri J. Arms-Adair, acting as Administrator of the Estate of Michael Adair, filed an action in the Iowa District Court for Black Hawk County. Arms-Adair sued Black Hawk County and its sheriff, Tony Thompson, alleging denial of medical care, unlawful policy, custom, or habit, and negligence. Plaintiff seeks compensatory damages, punitive damages, and damages for loss of parental consortium.

The action was removed to this Court on January 23, 2013. Defendants filed an answer on January 24. On February 8, Defendants filed the instant motion for summary judgment, asking that the petition be summarily dismissed.

On April 29, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The parties have agreed to various pretrial deadlines, with a December 20, 2013 deadline for completion of discovery. The trial ready date is May 21, 2014. In accordance with 28 U.S.C. § 636(c), and the consent of the parties, this case has been referred to me for all further proceedings.

## III. RELEVANT FACTS

Plaintiff's decedent, Michael Adair, was incarcerated at the Black Hawk County Jail from August 17, 2010, to January 20, 2011, when he committed suicide by hanging. Adair was a "pre-trial detainee" during that time, but the record is silent regarding the

2

charge or charges for which he was being held. The record is also silent regarding whether or not Adair had previously been incarcerated.

According to the petition, at the time of Adair's commitment to the Black Hawk County Jail, he was suffering from serious mental health disorders. The petition asserts Adair had a history of approximately 18 years of serious mental health disorders, and was on disability and SSI because of his mental health disorders. According to the petition, Adair had a history of attempted suicide and suicidal ideation, which he had previously made known to the staff at the Black Hawk County Jail. Adair also had a history of being confined in a mental institution and had been treated by multiple psychologists and psychiatrists for several years.[1] Defendants deny that they "were aware of, or should have been aware that Plaintiff's decedent had serious mental health problems and risks."[2]

Plaintiff alleges that during the period when Adair was detained in the Black Hawk County Jail, he exhibited signs and symptoms of severe mental disorders, exhibited noticeable changes in his mental attitude, exhibited signs and symptoms of severe depression, and expressed suicidal thoughts and exhibited suicidal tendencies. Those allegations are denied by Defendants "for lack of information."[3] Plaintiff asserts that the Black Hawk County Jail failed to provide Adair with adequate medical and mental healthcare, the intake screening procedure was inadequate, mental health staffing at the jail was inadequate, there were "substantial barriers" for inmates to access mental health resources available at the jail, the jail used "improper restraint and solitary confinement"

---

[1] These allegations, which are found in paragraph 12 of the petition, are denied by Defendants "for lack of information." *See* Petition at Law (docket number 3) at 2-3, ¶ 12, and Defendants' Answer (docket number 5) at 2, ¶ 12.

[2] *Id.*, ¶ 13.

[3] *Id.*, ¶ 14.

for mentally ill inmates, the physical facilities at the jail presented unreasonable opportunities for inmates to injure themselves and commit suicide, and the jail staff was "grossly inadequately trained."[4] Defendants deny the allegations. Plaintiff asserts that Defendants were aware of prior instances of self-inflicted injuries by inmates, but took no effective steps to prevent the reoccurrence of such self-inflicted injuries.[5] Defendants deny the allegation.

Additional facts as they pertain to the issues will be set forth below.

## IV. ISSUES PRESENTED

In their motion for summary judgment, Defendants assert that the petition should be summarily dismissed for two reasons: First, Defendants argue that Adair "failed to properly exhaust available administrative remedies in violation of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)." Second, Defendants argue that the state-law claims should be dismissed because Defendants "are immune from liability from alleged inadequate healthcare in a jail facility, pursuant to the provisions of Iowa Code §§ 356.36, 670.4(4) and 670.12, and Iowa Administrative Code § 201-50.15 (356, 356A)."

## V. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party establishes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of a material fact "'exists if a reasonable jury could return a verdict for the party opposing the motion.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Humphries v. Pulaski County Special School District*, 580 F.3d 688, 692 (8th Cir. 2009)). A fact is a "material fact" when it "might affect the outcome of the suit under the governing

---

[4] *Id.* at 3-4, ¶ 16.

[5] *Id.*, ¶ 17.

law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish the existence of a genuine dispute of a material fact, the non-moving party "'may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Instead, the non-moving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873); *see also Anderson*, 477 U.S. at 248 (A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America, Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

## VI. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust any administrative remedies before bringing an action in federal court.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, *by a prisoner confined in any jail*, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added). The term "prisoner" means any person "incarcerated or detained in any facility." § 1997e(h). Accordingly, a prisoner may not sue in federal court without first completing any administrative process available to him.

*Booth v. Churner*, 532 U.S. 731, 734 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion in cases covered by § 1997e(a) is now mandatory"); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006).

It is undisputed that at the time of Adair's incarceration from August 17, 2010, to January 20, 2011, the Black Hawk County Jail had a written procedure which allowed inmates to file grievances as a means of "resolving concerns, complaints and identifying potentially problematic management areas."[6] According to the written policy, "[a]n inmate may file a grievance to bring any problem or concern to the attention of the jail staff, verbally, or in writing on a grievance form."[7] Initially, the grievance is addressed by the "pod officer" or "housing officer." The inmate can appeal an adverse decision to the "housing sergeant." Further appeal can be taken to the "shift commander," with a final appeal to the "jail administrator." It is undisputed that Adair did not file any grievance, or exhaust any administrative remedies.[8]

While Plaintiff concedes that Adair did not file a grievance or pursue administrative remedies, she argues that the provisions of the PLRA are not applicable to her. As set forth above, the PLRA provides that no action shall be brought by a "prisoner" until any administrative remedies are exhausted. Plaintiff is clearly not a prisoner and, therefore, she argues that the PLRA has no application here.

While the Eighth Circuit Court of Appeals has apparently not addressed the exhaustion of remedies provision found in subparagraph (a) of the PLRA, it has held that

---

[6] Black Hawk County Jail Policy No. 3.3.7 (docket number 6-3 at 007).

[7] *Id.*

[8] In resisting the motion, however, Plaintiff does not concede that Adair "was aware of any administrative remedies available to him." Plaintiff's Brief (docket number 7-1) at 2.

the attorney's fees provision found in subparagraph (d) of the PLRA is not applicable in an action brought after a prisoner has been released. In *Doe v. Washington County*, 150 F.3d 920 (8th Cir. 1998), a juvenile brought a section 1983 suit against a county and sheriff, alleging that, while a pretrial detainee, he was beaten, raped and tortured by other pretrial detainees. Because the juvenile was not a "prisoner" when he filed suit, the PLRA did not apply to the case so as to limit an award of attorney's fees to him.

> The county contends that the district court erred in concluding that certain provisions of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, did not apply to limit the award of attorneys' fees to Doe. These provisions apply to a "prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). The statute defines "prisoner" as "any person incarcerated or detained." 42 U.S.C. § 1997e(h). When he filed this complaint, Doe was neither incarcerated nor detained in any jail, prison, or correctional facility. *The PLRA unambiguously applies to only those suits filed by prisoners.* Doe was not a prisoner, and the PLRA therefore does not apply to his case.

*Id.* at 924. (emphasis added)

If the attorneys' fee provision did not apply in *Doe* because "[t]he PLRA unambiguously applies to only those suits filed by prisoners," then it necessarily follows that the exhaustion of remedies requirement found in section 1997e(a) likewise does not apply to those suits brought by persons other than prisoners. The Court in *Doe* specifically rejected the defendants' argument that the PLRA should apply to all suits asserting a violation of constitutional rights while incarcerated.

> We are not persuaded by the county's argument that the PLRA should apply to all suits that arise in prison. The policy behind the PLRA was to deter suits by inmates who are very quick to litigate "simply because they have little to lose and everything to gain." (citation omitted) Congress therefore fully intended to distinguish between those who are "prisoners" when they

> decide whether to file a complaint and those who are not.
> Because Doe was not a prisoner when he filed this case, we
> find that the provisions of the PLRA are inapplicable.

*Id.*

It appears that every circuit court which has addressed this issue has concluded that, by its terms, the PLRA — including the exhaustion of remedies requirement — is applicable only to those suits brought by prisoners. *See, e.g., Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) ("litigants who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision"); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (finding that the exhaustion requirement did not apply to a prisoner who had been released and opining that "[a]ny other view would also be inconsistent with the spirit of the PLRA, which was designed to deter frivolous litigations by idle prisoners"); *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir. 2000); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000).

In their reply, Defendants note that section 1997e(a) applies to "a prisoner confined in any jail" and argue that its application is not limited by its terms to prisoners who are "*presently* confined." That is, Defendants apparently believe that "confined" can be reasonably interpreted to mean "confined *at any time*." The Court finds Defendants' argument to be meritless, bordering on frivolous. Defendants have not cited any case supporting their argument, and the Court has found none. Indeed, the cases unanimously hold that the PLRA has no application to actions other than those filed by incarcerated plaintiffs. Because this action was not brought "by a prisoner confined in any jail," the PLRA has no application.

Therefore, the Court concludes that Adair's failure to file a grievance or exhaust administrative remedies while incarcerated is not a bar to the administrator of his estate bringing the instant action. Defendants' motion for summary judgment on that ground will be denied.

### B. Immunity on State Claims

Next, Defendants argue that "the state-law claims against Defendants should also be dismissed because Defendants are immune from liability from alleged inadequate healthcare in a jail facility."[9] That is, citing various provisions of the Iowa Code and the Iowa Administrative Code, Defendants argue that they "are statutorily immune from liability from any negligence claim regarding medical services for jail inmates."[10]

Defendants argue that Iowa Code sections 356.36, 670.4(4), and 670.12 immunize Defendants from any negligence in the medical treatment of Adair. Subject to various exceptions, a municipality — including a county — is liable for its torts and those of its officers and employees acting within the scope of their employment. Iowa Code § 670.2. In this case, Defendants point to an exception for claims brought against a municipality, where the municipality is immune from liability by operation of another statute. That is, the liability imposed by section 670.2 has no application, and the municipality is immune from liability, for:

> Any claim against a municipality as to which the municipality is immune from liability by the provisions of any other statute or where the action based upon such claim has been barred or abated by operation of statute or rule of civil procedure.

Iowa Code § 670.4(4).

---

[9] Defendants' Motion for Summary Judgment (docket number 6) at 2, ¶ 4.

[10] Defendants' Brief (docket number 6-1) at 7.

The "other statute" which Defendants claim immunizes them from liability is found in Iowa Code chapter 356. Chapter 356 deals generally with jails and municipal holding facilities. Here, Defendants rely on section 356.36, which states:

> 1. The Iowa department of corrections, in consultation with the Iowa state sheriff's association, the Iowa association of chiefs of police and peace officers, the Iowa league of cities, and the Iowa board of supervisors association, shall draw up minimum standards for the regulation of jails, alternative jails, facilities established pursuant to chapter 356A and municipal holding facilities. When completed by the department, the standards shall be adopted as rules pursuant to chapter 17A.
>
> 2. The sole remedy for violation of a rule adopted pursuant to this section, is by a proceeding for compliance initiated by request to the Iowa department of corrections. A violation of a rule does not permit any civil action to recover damages against the state of Iowa, its departments, agents, or employees or any county, its agents or employees, or any city, its agents or employees.

Iowa Code § 356.36.

Once again, Defendants do not cite a single case which supports their argument that section 356.36 immunizes them "from liability from any negligence claim regarding medical services for jail inmates." Moreover, there is nothing in the language of the Code section that suggests it was intended to provide such immunity. The first paragraph of section 356.36 requires the Iowa Department of Corrections, in consultation with other groups, to "draw up minimum standards for the regulation of jails" and other similar facilities. Section 356.36 further provides that when completed, "the standard shall be adopted as rules pursuant to chapter 17A." The Department of Corrections did, in fact, "draw up minimum standards" and those standards have been adopted in the Iowa Administrative Code. Iowa Administrative Code section 201-50.15 requires the jail administrator to "establish a written policy and procedure to ensure that prisoners have the

10

opportunity to receive necessary medical attention for the prisoners' objectively serious medical and dental needs which are known to the jail staff." Defendants have apparently established a written policy in compliance with the requirement. IAC § 201-50.15 provides further detail regarding the requirements for medical resources, trained staff, prisoner involvement, first-aid kits, chemical control agents, screening upon admission, medication procedures, medical records, and medical storage. Iowa Administrative Code section 201-50.15(1)-(9).

The second paragraph of section 356.36 provides that the "sole remedy" for a violation of the rules adopted in the Iowa Administrative Code "is by a proceeding for compliance initiated by request of the Iowa department of corrections." It further provides that "[a] violation of the rule does not permit any civil action to recover damages" against any county. In response, Plaintiff argues that she has *not* asserted any claim that Defendants violated the rules set forth in the Iowa Administrative Code. Rather, her third cause of action alleges common-law negligence by the deputies and nurses in providing Adair with appropriate supervision and treatment.

In her petition filed in state court, Plaintiff asserts four causes of action. The first cause of action asserts Defendants' acts "constituted deliberate indifference to Michael Adair's obvious and serious medical and mental health needs, in violation of the Eighth and Fourteenth Amendments."[11] The second cause of action asserts Defendants had "a policy, custom, or habit of providing woefully inadequate medical and mental health care to the inmates of the Black Hawk County Jail," in violation of the Eighth and Fourteenth Amendments.[12] The third cause of action asserts the deputies and nurses at the Black Hawk County Jail "failed to exercise the ordinary care, skill and knowledge of members

---

[11] Petition at Law (docket number 3) at 5, ¶ 22.

[12] *Id.* at 6, ¶ 26.

of their profession in their treatment and care of Michael Adair."[13] In her fourth cause of action, Plaintiff seeks recovery for the loss of parental consortium by Adair's two minor children.[14]

The "keeper" of each jail has an obligation to furnish each prisoner with, among other things, "medical aid." Iowa Code section 356.5(2). In addition, a jailer has a common law duty "to exercise reasonable diligence with reference to the care of injured, ill, or diseased inmates." *Heumphreus v. State*, 334 N.W.2d 757, 759 (Iowa 1983). *See also Lang v. City of Des Moines*, 294 N.W.2d 557, 560 (Iowa 1980) (describing the City's duty of care in a wrongful death action brought by the executor of Lang's estate, who asserted, among other things, that the City was negligent during the time Lang was in the Des Moines jail by failing to provide reasonable supervision and by failing to use ordinary and reasonable care in providing medical services); *Smith v. Miller*, 40 N.W.2d 597, 598 (Iowa 1950) ("Aside from statutory requirements a sheriff owes a general duty to a prisoner to save him from harm and he is personally liable for negligence or wrongful acts causing the prisoner's injury or death."). Furthermore, Iowa has adopted section 314A(4) of the Restatement (Second) of Torts, which imposes a duty of care on one who takes custody of another. Iowa law requires that "persons who take others into their custody owe a special duty to aid and protect them." *Deppe v. Poweshiek County*, 542 N.W.2d 6, 8 (Iowa 1995).

Accordingly, Defendants have a constitutional, statutory, and common-law duty to provide appropriate care to persons being held in their custody. Nonetheless, Defendants argue that they are immune from liability for "inadequate healthcare" or any negligence regarding the delivery of medical services. Defendants are unable to identify a single case,

---

[13] *Id.*, ¶ 30.

[14] *Id.* at 7, ¶ 37.

however, which supports their argument that Iowa Code section 356.36 provides such immunity. Plaintiff has not alleged a violation of the Iowa Administrative Code, and there is nothing in the language of section 356.36 which suggests it was intended to shield counties from their common-law duty to provide prisoners with appropriate healthcare. Absent any authority for such a sweeping proposition, the Court finds Defendants' argument in this regard must fail.[15]

## C. Rule 11 Sanctions

In her resistance, Plaintiff argues that the legal claims made in Defendants' motion for summary judgment "are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law."[16] Accordingly, Plaintiff asks that Defendants be sanctioned pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11(b)(2).

By presenting a motion to the Court, an attorney certifies "to the best of the person's knowledge, information, and belief" that, among other things, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). If the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction after giving the attorney notice and a reasonable opportunity to respond. The Court may award reasonable expenses, including attorney's fees. Rule 11(c)(2). A motion for sanctions "must be made separately from any other motion." *Id.*

As set forth above, Defendants urged two legal contentions in support of their motion for summary judgment. Defendants were unable to produce a single case which

---

[15] Given the Court's ruling on this issue, it need not address Plaintiff's argument that Defendants waived their immunity by purchasing liability insurance.

[16] Plaintiff's Brief (docket number 7-1) at 8.

supported either argument. Nonetheless, while it is a close question, the Court concludes that no sanctions will be imposed.

### *VII. ORDER*

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (docket number 6) filed by Defendants is **DENIED**.

DATED this 16th day of May, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA